IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CHRISTINA BEQUETTE**, individually and on behalf of all others similarly situated,<br><br>**Plaintiff**,<br><br>v.<br><br>**SENEX SERVICES CORP.**,<br><br>**Defendant**. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FDCPA

**COMES NOW** Plaintiff, Christina Bequette (hereafter "Ms. Bequette" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel and for her Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against Defendant, Senex Services Corp., alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges Defendant's collection practices violate the FDCPA.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

3. The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

4. "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

5. "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

6. When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. See *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

7. Plaintiff has Article III standing to bring her claims as a result of the invasions into Plaintiff's individual privacy, Plaintiff's right to be free from harassing, annoying, oppressive, or abusive conduct, and Plaintiff's right to be free from embarrassment and/or reputational harm. The

foregoing cause Plaintiff embarrassment, concern regarding her person information and privacy, loss of time, and emotional distress, which caused her to retain counsel.

## JURISDICTION AND VENUE

8. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

9. Venue is proper in this District because part of the acts and transactions that caused injury occurred within this District, Plaintiff resides within this District, and Defendant transacts substantial business within this District.

## PARTIES

10. Plaintiff, Christina Bequette is a natural person, over the age of eighteen, residing in Franklin County, State of Missouri at all times relevant hereto.

11. Ms. Bequette is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant, Senex Services Corp. (hereinafter "Senex") is a corporation organized under the laws of the State of IN with a principal place of business located at 3077 E. 98th St., #250, Indianapolis, IN 46280.

13. Senex has transacted business within this state as is more fully set forth hereinafter in this Complaint.

14. Senex regularly collects or attempts to collect debts asserted to be owed to others.

15. Senex is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

16. The principal purpose of Senex's businesses is the collection of such debts.

17. Senex uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

18. Senex is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

19. Defendant alleges Plaintiff owes a debt to Defendant (the "alleged Debt").

20. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21. The alleged Debt does not arise from any business enterprise of Plaintiff.

22. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

24. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

25. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

26. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

27. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

28. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, the fact that that alleged Debt related to medical services, among other things.

29. In fact, Defendant conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

30.     Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

32.     An initial communication from Senex, dated November 17, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence, front and back, (the "Letter") is annexed hereto as "**Exhibit 1**.").

33.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34.     The FDCPA prohibits the sharing of information regarding a consumer *"without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy..."* See 15 U.S.C. § 1692c(b).

35.     In the relevant part, Section 1692c(b) states, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* See 15 U.S.C. § 1692c(b).

36.     The reverse side of the Letter also contained a "Privacy Act Notice" as to "Senex Services Corp And Its Affiliates."

37.     Defendant's Privacy Act Notice indicates that Plaintiff's personal information is being collected and shared by and between Defendant, Senex Receivables I, LLC, Senex Receivables II, LLC, Senex Funding Corp., Senex Funding, LLC, and Senex Healthcare Funding, LLC. All such entities are to be referred to as "we" or "us."

38. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

39. Plaintiff did not provide prior consent to the sharing of her information with third parties.

40. Plaintiff did not provide prior consent to the sharing of her information with the third party letter vendor Defendant chose to convey information to regarding the Debt as part of its collection efforts.

41. Plaintiff did not provide prior consent to the sharing of her information with any of the entities listed in Defendant's "Privacy Act Notice."

42. Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time.

43. Under § 1692g of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "G-Notice", that contains relevant information about the alleged debt and how to dispute it.

44. Pursuant to the FDCPA § 1692g,

> (a)…Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. The Letter fails to state the name of the creditor to whom the debt is owed, pursuant to 1692g(a)(2).

46. Plaintiff was confused as to whom was the creditor to whom she allegedly owed the alleged Debt.

47. The Letter states, in the relevant part, "Collection agent: Senex Services Corp., **an agent for** St. Luke's Episcopal-Presbyterian". *Emphasis added.*

48. Upon information and belief, Senex is a third party debt collector, not an agent for the St. Luke's Episcopal-Presbyterian.

49. The Letter demands a balance in the amount of $1,581.66 purportedly for medical services received on April 8, 2020. .

50. Plaintiff did not owe Defendant $1,581.66.

51. Plaintiff did not owe St. Luke's Episcopal-Presbyterian $1,581.66.

52. In fact, St. Luke's Episcopal-Presbyterian offered Plaintiff a 10% discount on her out-of-pocket costs for medical services she received on April 8, 2020. .

53. In fact, Plaintiff prepaid for all out-of-pocket costs for medical services she received on April 8, 2020. .

54. The Letter states, in the relevant part, "*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of **your credit obligations**.*" *Emphasis added.*

55. The foregoing statement is false, misleading, and/or deceptive, as the alleged Debt was not a credit obligation or the result of a credit obligations.

56. Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

57. Defendant's statement was false, misleading, and/or deceptive, in violation of 15 U.S.C. § 1692e.

58. Defendant's conduct of intentionally confusing and misleading consumers, constitutes unfair and unconscionable acts, in violation of 15 U.S.C. § 169f.

59. As a result of Defendant's conduct, Plaintiff suffered anxiety and emotional distress, which caused Plaintiff to retain counsel.

60. Plaintiff had to spend time in order to retain counsel to investigate Defendant's conduct described herein.

61. The foregoing conduct of Defendant violates the FDCPA entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

64. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

65. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

66. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

67. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

68. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

69. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

70. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

71. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

72. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

73. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

74. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

75. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

76. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

77. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

78. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

79. The third-parties listed in Defendant's "Privacy Act Notice" do not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

80. Plaintiff never consented to Defendant's communication with the third-parties listed in Defendant's "Privacy Act Notice" concerning the alleged Debt.

81. Plaintiff never consented to Defendant's communication with the third-parties listed in Defendant's "Privacy Act Notice" concerning Plaintiff's personal and/or confidential information.

82. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

83. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-parties listed in Defendant's "Privacy Act Notice".

84. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

85. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

86. Defendant disclosed Plaintiff's private and sensitive information to the third-parties listed in Defendant's "Privacy Act Notice".

87. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-parties listed in Defendant's "Privacy Act Notice".

88. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

89. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

90. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

91. A violation of Section 1692c(b) is an invasion of privacy.

92. As described herein, Defendant violated Section 1692c(b).

93. As described herein, Defendant invaded Plaintiff's privacy.

94. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

95. A violation of Section 1692c(b) is a public disclosure of private facts.

96. As described herein, Defendant violated Section 1692c(b).

97. As described herein, Defendant publicly disclosed Plaintiff's private facts.

98. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

99. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

100. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

101. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

102. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

103. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

104. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

105. As previously stated, Plaintiff did not owe the amount Defendant alleges is owed by Plaintiff.

106. The contention that Plaintiff owed $1,581.66 to Defendant or any other party, when Plaintiff did not owe $1,581.66, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

107. The contention that Plaintiff owed $1,581.66 to Defendant or any other party, when Plaintiff did not owe $1,581.66, is a false representation of the character, amount, or legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

108. The contention that Plaintiff owed $1,581.66 to Defendant or any other party, when Plaintiff did not owe $1,581.66, is a false representation or deceptive means to collect or attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10)

109. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f

110. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

111. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

112. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

113. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

114. 15 U.S.C. § 1692f provides,

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…"

115. The Letter states, in the relevant part, "Collection agent: Senex Services Corp., **an agent for** St. Luke's Episcopal-Presbyterian". *Emphasis added.*

116. Upon information and belief, Defendant is a third party debt collector, not an agent for the St. Luke's Episcopal-Presbyterian.

117. Defendant's false, misleading, and/or deceptive statement regarding the legal relationship between itself and St. Luke's Episcopal-Presbyterian was intended to mislead, confuse, and/or deceive Plaintiff into believing that Defendant was a part of St. Luke's Episcopal-Presbyterian.

118.    Defendant's false, misleading, and/or deceptive statement regarding the legal relationship between itself and St. Luke's Episcopal-Presbyterian was intended to mislead, confuse, and/or deceive Plaintiff into believing that Defendant was not a third-party debt collector.

119.    The Letter states, in the relevant part, "*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.*" Emphasis added.

120.    The foregoing statement is false, misleading, and/or deceptive, as the alleged Debt was not a credit obligation or the result of credit obligations.

121.    Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

122.    Upon information and belief, Defendant has a pattern and practice of providing unsuspecting consumers false, misleading, and/or deceptive information solely for the sake of profits, in an effort to secure quick payments from unwitting consumers, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(10), and 1692f.

123.    Defendant's intentional or negligent conduct of threatening Plaintiff that interest is accruing, when in fact interest is not accruing and/or Defendant has no right to accrue interest, caused Plaintiff confusion, anxiety, worry, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

124.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), and 1692g(a)(2)

125.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

126.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

127.   As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

128.   To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

129.   A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

130.   As set forth in paragraphs 49 through 53 of this Complaint, Plaintiff did not owe the amount Defendant claimed.

131.   As such, Defendant did not accurately set forth the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

132.   In sum, Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

133.   15 U.S.C. § 1692g(a)(2) requires the debt collector to inform the consumer the name of the creditor to whom the debt is owed.

134.   The Letter fails to state the name of the creditor to whom the debt is owed, pursuant to 1692g(a)(2).

135.   Plaintiff was confused as to whom was the creditor to whom she allegedly owed the alleged Debt.

136. Defendant failed to provide Plaintiff the name of the creditor to whom the debt is owed within the initial communication, or 5 days thereafter, violating 15 U.S.C. § 1692g(a)(2).

137. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

138. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Missouri.

139. Plaintiff seeks to certify a class of:

> All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

140. This class action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

141. The Class consists of more than thirty-five persons.

142. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

143. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

144. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### PRAYER FOR RELIEF AGAINST DEFENDANT

**WHEREFORE**, Plaintiff, Christina Bequette demands judgment against Senex Services Corp., as follows:

(a) Certifying this action as a class action; and

(b) Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

(c) Awarding Plaintiff and the statutory damages provided by § 1692k(a) of the FDCPA against Defendant; and

(d) Awarding Plaintiff actual damages; and

(c) Awarding Plaintiff reasonable attorneys' fees and costs for Plaintiff as provided by § 1692k(a) of the FDCPA against Defendant; and

(d) Awarding Plaintiff further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

DATED: January 20, 2022

                                      By:   *s/ David M. Barshay*
                                      David M. Barshay, Esquire
                                      BARSHAY, RIZZO & LOPEZ, PLLC
                                      445 Broadhollow Road | Suite CL18
                                      Melville, New York 11747
                                      Tel: (631) 210-7272
                                      Fax: (516) 706-5055
                                      Our File No.: BRL21591
                                      *Attorneys for Plaintiff*